UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| CHARLES EDWARD BOYD | CIVIL ACTION NO. 03-1249-P |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| STATE OF LOUISIANA, ET AL. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Before the Court is a Motion for Preliminary Injunction (Record Document 50) filed by the plaintiff, Charles Edward Boyd ("Boyd"). Boyd alleges that prison officials at David Wade Correctional Center began enforcing a ban against publications which are protected by the First Amendment, namely publications that do not feature nude, sexually explicit or obscene depictions, following the implementation of a newly revised version of Louisiana Department of Public Safety and Corrections' Department Regulation No. C-02-009, dated January 5, 2007. See id. Boyd seeks injunctive relief to stop what he refers to as a blatant disregard of the new regulation, which lists certain approved publications and publications having a presumption of acceptability. See id. The defendant, Venetia Michael, opposes the Motion for Preliminary Injunction. See Record Document 55.

To obtain the relief he seeks, Boyd would have to show (1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury absent an injunction, (3) that the threatened injury would exceed any harm that would flow from the injunction, and (4) that the injunction would not undermine the public interest. See Walgreen Co. v. Hood, 275 F.3d 475, 477 (5th Cir. 2001). The Court will focus on the first element – a substantial likelihood of success on the merits.

Congress has commanded that "[n]o action shall be brought with respect to prison

conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a). Section 1997e requires Boyd to exhaust available administrative remedies before filing a Section 1983 suit and precludes him from filing suit while the administrative complaint is pending. See Wendell v. Asher, 162 F.3d 887 (5th Cir. 1999) (unexhausted claim must be dismissed even though exhausted several days after suit was filed).

The statute's reference to actions "with respect to prison conditions" is interpreted broadly and the Fifth Circuit has held that Section 1997e's exhaustion requirement applies to a prisoner's § 1983 suit seeking both injunctive and monetary relief. See Underwood v. Wilson, 151 F.3d 292, 293 (5th Cir. 1998). Available administrative remedies are deemed exhausted when the time limits for the prison's response set forth in the prison grievance procedures have expired and officials have not acted. See id. at 295. Finally, prescription on the claim is tolled while the procedure is pending. See Harris v. Hegmann, 198 F.3d 153, 153 (5th Cir. 1999).

Based on the aforementioned statutory guidance and Fifth Circuit precedent, Boyd must exhaust the administrative remedies the Louisiana Legislature established for the prison system as to his request for injunctive relief to stop prison officials from allegedly applying newly revised Department Regulation No. C-02-009 in such a way that violates his First Amendment rights. Boyd is asserting a new claim, yet there is no scintilla of evidence in the record that he has submitted an Administrative Remedy Procedure ("ARP") in connection with his new claim for injunctive relief. The record forces the Court to conclude that Boyd has filed no ARP grievance and, thus, he cannot show that he has a substantial

likelihood of success on the merits of his claim.

Accordingly,

**IT IS ORDERED** that the Motion for Preliminary Injunction (Record Document 50) filed by the plaintiff, Charles Edward Boyd, be and is hereby **DENIED**.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, on this 12th day of April, 2007.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE