UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

CHARLES EDWARD BOYD                    CIVIL ACTION NO. 03-1249

VERSUS                                 JUDGE HICKS

RICHARD STALDER, ET AL                 MAGISTRATE JUDGE HORNSBY

**REPORT AND RECOMMENDATION**

Charles Boyd ("Plaintiff") is an inmate housed at the David Wade Correctional Center.  His complaint focuses on a rule, as implemented by Warden Venetia Michael, that allegedly banned all publications that featured women in "sexy poses" even if the materials did not include nudity or sexually explicit material.  Plaintiff alleges that the policy effected a ban on all African-American specific publications.  After this suit was filed, State officials changed the policy so that it now extends only to those publications that feature nudity or are sexually explicit.

Both parties filed motions for summary judgment.  Plaintiff's motion was denied, but Warden Michael's motion was granted in part.  Plaintiff's request for injunctive relief was dismissed as moot in light of the change in policy, his claim for compensatory damages was dismissed based on a provision of the PLRA that requires a prisoner have a physical injury to recover such damages, and all claims based on the constitutionality of the current regulation were dismissed on the grounds that the regulation passes constitutional muster.  See Docs. 45 and 49.

The only remaining federal law claim is Plaintiff's contention that he suffered a First Amendment violation during the time the prior policy was in force. If so, Plaintiff's recovery would be limited to nominal damages and, if he could meet the demanding legal standard, punitive damages. Plaintiff also has remaining a state-law claim regarding whether Louisiana administrative law was followed in implementing the challenged policy. That state-law issue was not addressed in the prior ruling because the parties had not briefed it with sufficient specificity to permit its resolution.

A trial and pre-trial conference date were set, but they were vacated when Warden Michael requested leave to file a Motion for Summary Judgment Based on Lack of Standing (Doc. 72), which the court allowed. The motion has now been briefed. Defendant represents that affidavits attached to her motion show that Plaintiff "has never had a publication denied to him during the **entire time** he has been incarcerated at David Wade Correctional Center." Doc. 72-2, p. 2 (emphasis in original). She adds that "**there are no notices that indicate he was ever denied any publications**." Id. Defendant cites in support of these statements Exhibit A, the affidavit of Antonio Turner, the prison mailroom supervisor. Major Turner testifies that any notice of rejected mail is placed in a file for that inmate and kept in the mailroom. He attaches to his affidavit a copy of the mailroom file for Plaintiff. Defendant denies that the file contains evidence of any denials based on the challenged policy, and Plaintiff does not contest that point.

Plaintiff responds that he nonetheless has standing based on an inquiry he made about renewing a subscription to a magazine. Plaintiff wrote Captain Martha Henley, a mailroom supervisor, and said: "I was recently preparing to re-subscribe to *Vibe* magazine when I was informed by another inmate of a new ban." Plaintiff went on to state that he had reviewed the other inmate's rejection notice and been told by several other inmates that prison authorities were now prohibiting magazines including *Vibe*, *King*, *Black Men*, *Maxim*, etc. on the grounds that they "feature sexy women." Plaintiff wrote that he had reviewed the pertinent regulation and did not believe the publications ran afoul of it. He asked Captain Henley to "confirm whether these publications are prohibited" and identify the publications no longer allowed. Doc. 74, p. 15. Captain Henley responded that the magazines Plaintiff listed, plus *Jet* or any other magazine that shows women in a sexual pose, were "dinied" [sic]. Id. at p. 17. It was this exchange of correspondence that formed the basis for the grievance Plaintiff filed within the prison's administrative remedy system. Id. at pp. 18-20.

Defendant contends that her evidence shows that Plaintiff did not experience an actual injury that is causally related to the complained-of conduct that could be redressed by a decision in this case. If that were correct, Plaintiff would lack standing. Plaintiff has produced evidence, however, that he made specific inquiry about renewing his subscription to *Vibe* and was told that the magazine would be denied because of the challenged policy. That is sufficient to present an actual case or controversy, regarding which Plaintiff has standing. Perhaps the result would be different had Plaintiff merely inquired whether the ban

extended to publications to which he did not subscribe, but that is not the case. Plaintiff was told with no uncertainty that if he renewed his subscription the magazine would be denied. Plaintiff was not required, once so advised, to waste money actually renewing the subscription and awaiting an actual denial to gain standing.

Plaintiff has also asserted a claim that the challenged policy was not properly promulgated under state administrative law. Defendant argues that the claim is moot because the regulation that gave rise to the policy at issue has been replaced by a properly promulgated and constitutional rule. She also argues that any such claim is unenforceable against the prison warden and would have to be asserted against Secretary Stalder as head of the agency that promulgated the rule. Plaintiff's claims in this area have been less than precise, but one of Plaintiff's arguments is that Warden Michael's unwritten rule or policy enforced at her prison went further than was permitted by the Department regulation. Thus, Plaintiff asserts, Michael's version of the "regulation" was not properly promulgated. See, e.g., Doc. 38, p. 12 and Doc. 74, pp. 18-19.

The claim is not rendered moot by the subsequent legal promulgation of new rule. That would render moot a request for injunctive relief, which has already been dismissed, but it would not cure an action for damages that arose when the prior rule was in force.

Warden Michael next argues that the administrative-procedure claim is not properly asserted against her because she is not authorized to promulgate regulations on behalf of the Department, but that is precisely the basis of Plaintiff's claim. Michael has not otherwise

attacked the somewhat dubious legal claim. Thus, her arguments are not sufficient to warrant summary judgment. The parties have not addressed with any specificity whether a violation of the state administrative laws governing the promulgation of rules gives rise to a private cause of action or entitlement to damages, but those are issues that both parties should be prepared to discuss (with supporting legal authority) at the pre-trial conference and trial. No further delays of this 2003 civil action are warranted.

Accordingly;

**IT IS RECOMMENDED** that the **Motion for Summary Judgment Based on Lack of Standing (Doc. 72)** be **denied**.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to

proposed factual findings and legal conclusions accepted by the district court.  See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

    THUS DONE AND SIGNED in Shreveport, Louisiana, this 15th day of November, 2007.

                                                MARK L. HORNSBY
                                      UNITED STATES MAGISTRATE JUDGE