UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| CHARLES EDWARD BOYD | CIVIL ACTION NO. 03-1249-P |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| STATE OF LOUISIANA, ET AL. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Before the Court is a Motion *in Limine* (Record Document 101) filed by the plaintiff, Charles Edward Boyd. The plaintiff's only remaining claim is for nominal and punitive damages arising from whether the defendant violated his First Amendment rights by temporarily enforcing a ban against all publications that featured women in sexy poses, whether nude or not, and whether such ban extended to all African-American magazines.

The plaintiff seeks an order prohibiting the defendant from introducing Department Regulation No. C-02-009 dated January 5, 2007; his criminal history; the criminal histories of his inmate witnesses; his prison disciplinary record; the prison disciplinary records of his inmate witnesses; and his prior civil lawsuits. See Record Document 101. In opposing the motion, defense counsel stated the following:

> The defendant notes that Department Regulation No. C-02-009 dated January 5, 2007 is listed as Exhibit #21 in the plaintiff's pretrial statement. . . . The defendant has no objection to the removal of Department Regulation No. C-02-009 dated January 5, 2007 from the plaintiff's pretrial statement and the defendant's pretrial statement.
> Furthermore, the defendant asserts that she does not intend to use evidence of plaintiff's prior lawsuits or civil actions at the trial of the matter.

Record Document 107 at 1. Defense counsel further stated "that any questioning with regard to the convictions of the plaintiff and his inmate witnesses would be limited to asking what convictions the inmate is currently incarcerated for at David Wade Correctional

Center."  Id. at 2.

**Prior Convictions**

The very nature of this lawsuit will reveal to the jury that both the plaintiff and the inmate witnesses are currently incarcerated at David Wade Correctional Center. This Court must now determine if the jury should learn the convictions to which their confinement relates. Federal Rule of Evidence 609 governs the Court's analysis of this issue and provides, in pertinent part:

> (a) General rule.--For the purpose of attacking the character for truthfulness of a witness,
>
> > (1) evidence that a witness other than an accused has been convicted of a crime shall be admitted, subject to Rule 403, if the crime was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted, and evidence that an accused has been convicted of such a crime shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused; and
> >
> > (2) evidence that any witness has been convicted of a crime shall be admitted regardless of the punishment, if it readily can be determined that establishing the elements of the crime required proof or admission of an act of dishonesty or false statement by the witness.
>
> (b) Time limit. Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date, unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect. However, evidence of a conviction more than 10 years old as calculated herein, is not admissible unless the proponent gives to the adverse party sufficient advance written notice of intent to use such evidence to provide the adverse party with a fair opportunity to contest the use of such evidence.

The defendant has not presented sufficient evidence for the Court to determine whether the prior convictions of the inmate witnesses are admissible under Rule 609. The record does not reveal if the crimes were punishable by death or imprisonment in excess of one year, if the crimes required proof or admission of an act of dishonesty or false statement by the witnesses, and/or the age of the convictions. Accordingly, while it will be apparent to the jury that the inmate witnesses are incarcerated, the prior convictions of such witnesses are excluded.[1] The Court will now move on to its analysis of whether the plaintiff's prior convictions are admissible.

The plaintiff in this case was convicted of attempted armed robbery and attempted first degree murder. The convictions occurred over ten years ago, but the plaintiff is still incarcerated in relation to those convictions. Thus, Rule 609(b) is not applicable. See F.R.E. 609(b) ("Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date."). Likewise, Rule 609(a)(2) is not applicable because courts have reasoned that convictions for crimes of force or violence do not fall within such provision. See U. S. v. Hayes, 553 F.2d 824 (2nd Cir. 1977); U. S. v. Williams, 445 F.2d 421 (10th Cir. 1971); Gordon v. U. S., 383 F.2d 936 (D.C. Cir. 1967). Thus, this Court must apply Rule 609(a)(1) and determine if the probative value of admitting the plaintiff's prior felony convictions outweighs the prejudicial effect of such admission to the plaintiff.

---

[1] The defendant is free to seek reconsideration of this ruling if she can present sufficient evidence for the Court to determine whether the prior convictions of the inmate witnesses are admissible under Rule 609.

The defendant argues that the plaintiff's prior convictions would call into question his "reliability for truth telling as well as illustrate the considerations in applying the provisions of Department Regulation No. C-02-009 to incoming publications." Record Document 107 at 3. The defendant specifically cites Thornburgh v. Abbott, 490 U.S. 401, 1874 (1989), wherein the Court stated:

> We deal here with incoming publications, material requested by an individual inmate but targeted to a general audience. Once in the prison, material of this kind reasonably may be expected to circulate among prisoners, with the concomitant potential for coordinated disruptive conduct. . . . In the volatile prison environment, it is essential that prison officials be given broad discretion to prevent such disorder.

Id. at 412-413, 109 S. Ct. at 1881.

The Court distinguishes this case from the usual civil rights case in the prison context, wherein a plaintiff is alleging excessive force against correctional officers and the court allows introduction of a prior felony conviction as impeachment evidence. For instance, in Bakre v. Ivins, No. 02-41308, 2004 WL 1013365 (5th Cir. May 6, 2004), the *pro se* plaintiff, who was a state prisoner, filed a complaint for excessive force by correctional officers. On review, the Fifth Circuit reasoned that the district court did not abuse its discretion in admitting evidence of the *pro se* plaintiff's prior murder conviction, as it was proper impeachment evidence under Rule 609(b). See id. at **1. In such a case, the underlying felony conviction, especially if a violent crime, is likely to be more probative than prejudicial because the reasonableness of the amount of force used by correctional officers may depend on their knowledge of the inmate's criminal history. Yet, this is not a case where the jury will be reviewing the amount of force used, but rather will be deciding whether the plaintiff's First Amendment rights were violated. Again, it will be apparent to

the jury that the plaintiff is incarcerated and the defendant will be permitted to "illustrate the considerations in applying the provisions of Department Regulation No. C-02-009 to incoming publications," irrespective of whether the jury learns of the plaintiff's prior felony convictions. Record Document 107 at 3. Moreover, the prejudicial effect of the plaintiff's prior convictions for attempted armed robbery and attempted murder is more acute than the prejudicial effect of other felony convictions, such as those involving possession and/or trafficking of drugs. Accordingly, this Court finds that although relevant for attacking credibility, the plaintiff's prior felony convictions for attempted armed robbery and attempted murder are excluded because the probative value of such evidence is substantially outweighed by the danger of unfair prejudice. See F.R.E. 403.

**Prison Disciplinary Records**

The defendant argues that the plaintiff's and inmate witnesses' prison disciplinary records are admissible under Federal Rule of Evidence 607, which provides that "the credibility of a witness may be attacked by any party, including the party calling the witness." The defendant did not specifically address the admissibility of the inmate witnesses' prison disciplinary records, other than asserting that such records were "highly relevant." Record Document 107 at 4. As to the plaintiff's prison disciplinary record, the defendant argues:

> [A]t his deposition, the plaintiff testified that he was removed from his inmate counsel substitute position after he was written up for attempting to bring contraband, namely magazines, into a lockdown unit at David Wade Correctional Center. Therefore, the defendant asserts that a disciplinary incident such as this one would show a bias or prejudice against the defendant, who, as the Warden, is the head administrator of David Wade Correctional Center.

Id.

In Ellis v. Capps, 500 F.2d 225 (5th Cir. 1974), the Fifth Circuit recognized that

> Evidence to show bias or interest of a witness in a cause covers a wide range and the field of external circumstances from which probable bias or interest may be inferred is indefinite. The rule encompasses all facts and circumstances which, when tested by human experience, tend to show that a witness may shade his testimony for the purpose of helping to establish one side of the cause only. Facts wholly immaterial, or prejudicial to one of the parties on the main issue, may be material as affecting the credibility of a witness.

Id. at 227. The Ellis plaintiff was a state prisoner who brought a civil action against the warden of the prison where he was incarcerated. On appeal, the court was reviewing the admission of the plaintiff's prison disciplinary record, which the plaintiff contended was irrelevant to the issue before the jury. The Fifth Circuit disagreed and held that "the records were admissible to show [the prisoner's] bias and prejudice against the warden as head of the institution to which [the prisoner] was so ill-adjusted." Id. at 226. The court further reasoned that a defendant must be given a reasonable opportunity to rebut grave allegations brought against him in a civil suit. See id. at 227.[2] Based on this rationale, the Court finds that the defendant may introduce the limited portion of the plaintiff's prison disciplinary record outlined in her brief. Out of an abundance of caution, the Court will review any other portion of the plaintiff's disciplinary record that the defendant seeks to introduce to determine its prejudicial effect. Likewise, at this stage, the Court will exclude the prison disciplinary records of the inmate witnesses. The relevancy of these records is more remote because these individuals are not parties. Further, the Court is unable to determine the prejudicial effect of the disciplinary records because the content of such records is unknown.

---

[2]The Ellis plaintiff's disciplinary record was filled with "notorious incidents of violence" and other misconduct such as "slothfulness malingering, and missing the back gate." Ellis, 500 F.2d at 226. The plaintiff's disciplinary record in this matter appears to be much less offensive, as the incident outlined by the defendant pertains to the plaintiff's attempt to bring contraband, namely magazines, into a lockdown unit.

Accordingly,

**IT IS ORDERED** that the Motion *in Limine* (Record Document 101) filed by the plaintiff, Charles Edward Boyd, be and is hereby **GRANTED IN PART AND DENIED IN PART**. At this time, the prior convictions of the plaintiff, the prior convictions of the inmate witnesses, and the prison disciplinary records of the inmate witnesses are excluded. The defendant will be permitted to introduce limited portions of the plaintiff's prison disciplinary record.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, on this the 4th day of April, 2008.

S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE