# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF LOUISIANA
## SHREVEPORT DIVISION

| | |
|---|---|
| CHARLES EDWARD BOYD | CIVIL ACTION NO. 03-1249-P |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| STATE OF LOUISIANA, ET AL. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Before the Court is a Motion *in Limine* (Record Document 100) filed by the defendant, Venetia Michael. The plaintiff's only remaining claim is for nominal and punitive damages arising from whether the defendant violated his First Amendment rights by temporarily enforcing a ban against all publications that featured women in sexy poses, whether nude or not, and whether such ban extended to all African-American magazines.

The defendant seeks an order prohibiting the plaintiff from introducing the following exhibits at trial:

1. Exhibits 25-28 and 32-36 (Notices of Rejection/Refusal);
2. Exhibit 37 (Documentation for ARP DWCC-04-947); and
3. Exhibit 39 (American Publishers Service Catalog).

She also seeks to exclude testimony that other inmates were refused or denied issues of magazines and testimony regarding inmate discussions about certain magazines being banned.

"'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." F.R.E. 401. This is not a class action lawsuit and the only claim for the jury to decide is whether the plaintiff's First Amendment rights were violated. Thus, the Court finds that Exhibits 25-28 and 32-36 are not relevant

because the Notices of Rejection/Refusal pertain to other inmates and not the plaintiff. Likewise, Exhibit 37 is not relevant because it is not the plaintiff's ARP[1] documentation, but rather another inmate's ARP form. The defendant's motion is granted as to Exhibits 25-28, 32-36, and 37.

The defendant also challenges the admissibility of Exhibit 39 on relevancy grounds. Exhibit 39 is a list of the magazines available to inmates through American Publishers Service, a blank order form, and directions on how to place an order. Again, the Court finds that Exhibit 39 is inadmissible under Rule 401, as these documents do not have "any tendency to make the existence of any fact that is of consequence to the determination of [the plaintiff's First Amendment claim] more probable or less probable than it would be without the evidence." F.R.E. 401. The defendant's motion is granted as to Exhibit 39.

The defendant seeks to exclude certain testimony from inmate witnesses. During their recent depositions, the inmate witnesses stated that they had been refused or denied issues of magazines and also described discussions among the general inmate population relating to magazine publications that were being banned by prison officials. The defendant argues that such testimony should be excluded and "the testimony of the inmate witnesses should be limited to what the alleged ban was and any personal knowledge that they have with regard to the plaintiff's claimed loss of opportunity to re-subscribe to *Vibe*." Record Document 100-3 at 5. The Court agrees. Testimony from the inmate witnesses regarding general discussions amongst the inmates would likely violate Federal Rule of Evidence 602, which requires that a witness testify to a matter only if he has personal knowledge of the

---

[1] ARP stands for Administrative Remedy Procedure, which is a formal mechanism for an inmate to submit his grievance to prison authorities.

matter. Further, testimony from the inmate witnesses pertaining to their requests for publications that were rejected is not relevant to determining whether the alleged ban affected the plaintiff's First Amendment rights. Further, such testimony could be unduly prejudicial to the defendant, as the jury might tend to believe the plaintiff's allegations without the requisite proof being offered if they hear evidence that the constitutional rights of other inmates were being violated in a similar manner. See F.R.E. 403 ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.").

Accordingly,

**IT IS ORDERED** that the Motion *in Limine* (Record Document 100) filed by the defendant, Venetia Michael, be and is hereby **GRANTED**.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, on this the 4th day of April, 2008.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE